**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LORANZY JENKINS # 201050**                                                                **PETITIONER**

**versus**                                                                                                 **NO. 3:19cv864-CWR-RHW**

**JOSHUA CSASZAR**                                                                                **RESPONDENT**

### REPORT AND RECOMMENDATION

Before the Court are [1] the Petition for Writ of Habeas Corpus filed by Loranzy Jenkins pursuant to 28 U.S.C. § 2254, and [8] Respondent's motion to dismiss the petition as untimely filed. Jenkins responded [10] to the motion February 7, 2020, no reply was filed, and the matter is now ripe for ruling. Having reviewed and considered the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that Respondent's motion should be granted, and the petition for federal habeas relief, dismissed as untimely filed.

### Facts and Procedural History

Loranzy Jenkins is a Mississippi Department of Corrections (MDOC) inmate confined at South Mississippi Correctional Institution (SMCI) serving sentences totaling 12 years for two Rankin County convictions of gratification of lust. According to the MDOC web site, Jenkins entered the MDOC system January 6, 2016, and his tentative release date is November 22, 2027. On November 30, 2015, Jenkins filed a sworn petition to plead guilty to both the above stated crimes in the Circuit Court of Rankin County, Mississippi. [8-1] On December 7, 2015 the trial court sentenced him to serve consecutive terms of 15 years for each of the convictions, with six years to serve and nine years suspended on each sentence, five years of post-release supervised probation and payment of a fine, court costs, fees, and assessments. [8-2] The court also ordered Jenkins to register as a sex offender.

Since there is no direct appeal from a guilty plea under Miss. Code Ann. § 99-35-101, Jenkins' conviction became final December 8, 2015, the date his sentencing order was filed. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). On December 4, 2017, Jenkins filed a state court petition for post-conviction relief, bearing a signature date of November 15, 2017, but accompanied by an attached affidavit and certificate of service both dated November 29, 2017. [9-1, pp. 20-21]. The trial court dismissed the petition on March 12, 2018. [8-3] Jenkins appealed, and the state court affirmed the dismissal of the post-conviction motion. *Jenkins v. State*, 283 So.3d 217 (Miss. Ct. App. 2019), *reh'g denied* July 23, 2019, *cert. denied* September 5, 2019. The state appellate court mandate issued September 26, 2019. [8-5] Jenkins signed the habeas petition now before the Court on November 21, 2019, and it was filed in this Court November 25. 2019. Respondent seeks dismissal of the petition as untimely filed.

<u>Law and Analysis</u>

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

> other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A) Jenkins' judgment of conviction became final December 8, 2015. Absent a "properly filed" post-conviction application to toll the limitations period, or some "rare and exceptional" circumstances warranting equitable tolling, Jenkins' window for filing a federal habeas petition closed December 8, 2016.  *See Grillette v. Warden*, *Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The limitations period is tolled under § 2244(d)(2) while a properly filed state post-conviction application is pending; an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Flanagan v. Johnson*, 154 F.3d at 199, n.1.  Because Jenkins failed to file a state post-conviction application before the one-year federal habeas statute of limitations expired, the statutory tolling provision of § 2244(d)(2) does not apply to his case.  An application for state post-conviction relief filed outside the limitations period does not affect the one-year time bar for federal habeas relief; it does not toll the limitation period under § 2244(d)(2).  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired").

Without giving any explanation as to why he waited almost two full years before filing his state court post-conviction motion, Jenkins argues his federal habeas petition should be deemed timely because he filed it within one year of the conclusion of proceedings on the post-conviction motion.  He claims the state law denying appeal from his guilty plea impeded his ability to exhaust state remedies in time to properly file for federal habeas relief; that because state law allows three years to file for state post-conviction relief, his one-year statute for federal habeas relief did not begin to run until after conclusion of the proceedings on his post-conviction motion.  Jenkins cites no law supporting such a position, and the undersigned finds no merit in

the argument since it would allow state law to expand the federal statute of limitations and render meaningless the tolling provision of 28 U.S.C § 2244(d)(2). The fact that Jenkins had to utilize the state post-conviction process to present his alleged constitutional violation to the state's highest court to exhaust state court remedies did not prevent him from filing his post-conviction motion within a year of his conviction; had he done so, the statutory tolling provision of § 2244(d)(2) would have operated in his favor. By waiting over a year before filing for post-conviction relief, Jenkins allowed the federal habeas one-year statute of limitations to expire. While his later filed post-conviction motion was timely under state law, it had no impact on the federal habeas statute which had already expired.

The undersigned finds that Jenkins' miscalculation or misunderstanding of the limitations period for filing a federal habeas claim provides no basis for holding his late filing excused by equitable tolling, which is permitted only in "rare and exceptional circumstances." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-171 (5th Cir. 2000) (neither proceeding *pro se*, inadequacies in a prison law library, nor lack of knowledge of filing deadlines constitute rare and exceptional circumstances to justify equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (ignorance of the law or limited access to outside information do not constitute rare and exceptional circumstances to excuse untimely filing). A "garden variety claim of excusable neglect such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Brown v. Thaler*, 455 F. App'x 401, 407 (5th Cir. 2011).

To be entitled to equitable tolling, a petitioner must show he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 632, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Under long-established principles, petitioner's lack of diligence precludes equity's operation."

*Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19 (1874)).

> Equitable tolling … applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.

*Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).  It is the petitioner's burden to establish that he is entitled to equitable tolling.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  The Court has been presented no evidence showing that Jenkins has been diligently pursuing his rights.  There is no indication that he did anything during the almost two years between his December 2015 guilty plea/conviction and his late November 2017 post-conviction motion.  *See Melancon*, 259 F.3d at 408 (upholding denial of equitable tolling due to four-month delay in filing petition after ruling in state court).

## RECOMMENDATION

The undersigned finds Jenkins' petition was untimely filed and that he is entitled to neither statutory tolling nor equitable tolling of the limitations period.  The undersigned recommends that Respondent's motion to dismiss be granted, and Jenkins' petition, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation a party may serve and file written objections to it, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3).  The District Court need not consider frivolous, conclusive, or general objections.  Responses to objections may be filed within seven days after service.  Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain

error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 25th day of March 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE